IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| BARRETT S. TUNSIL, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 16-cv-1868 |
| | : | |
| CITY OF PHILADELPHIA, ET AL., | : | |
| Defendants. | : | |
| | : | |

# MEMORANDUM

**Stengel, J.**                                                                                                      June 1, 2017

Plaintiff Barrett S. Tunsil, who is currently incarcerated in a Pennsylvania prison, brings this Section 1983 suit against Philadelphia Mayor James Kenney, Commissioner Michael Resnick, Warden Gerald May, Deputy Warden Frederick Abello, Deputy Warden Eugene Thompson, and Lieutenant William Mulholland.[1] The claims contained in the plaintiff's *pro se* complaint allege that, beginning in November 2015, he has been denied medication with the intent to severely injure, maim, kill, and murder him because of racial hatred, retaliation, revenge, and witness intimidation. (Compl. Section II, ¶ D.) The plaintiff also expresses concern about a lack of access to the law library and church

---

[1] The plaintiff also sued PHS/Corizon, Inc., Dr. Hamilton, and Dr. Bruce Blatt. The claims against those defendants were dismissed on June 14, 2016 after the plaintiff failed to respond to their motion to dismiss. (See Docket No. 14.)
    The plaintiff also named Dr. Robin Clemons, PHS/Corizon, Inc., Correctional Officer "Bradley," and Correctional Officer "James" as defendants. Service has not been perfected against those individuals, as the summonses were returned unexecuted. (See Docket Nos. 23, 29.) The City of Philadelphia Law Department has not moved to dismiss or filed an answer on behalf of "Bradley" or "James" because "multiple persons" by those names work for the Philadelphia Prison System. (See Defs.' Mem. Supp. Mot. Dismiss 1.)

1

services, as well as interference with his incoming and outgoing mail, actions which he believes are retaliatory. (Id.) The plaintiff also complains that the defendants refused to respond, investigate, or intervene on his behalf in light of this alleged mistreatment, and that they supported and participated in such conduct. (Id.) The defendants have now moved to dismiss the claims against them. For the reasons stated below, and because I believe that leave to amend would be futile, I will grant the defendants' motion with prejudice.

## I. STANDARD OF REVIEW

Under Rule 12(b)(6), a defendant bears the burden of demonstrating that the plaintiff has not stated a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); see also Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005). In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the United States Supreme Court recognized that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555. Following these basic dictates, the Supreme Court, in Ashcroft v. Iqbal, 556 U.S. 662 (2009), subsequently defined a two-pronged approach to a court's review of a motion to dismiss. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. Thus, although "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior

era . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678–79.

Second, the Supreme Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 679. "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. A complaint does not show an entitlement to relief when the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct. Id.; see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 232–34 (3d Cir. 2008) (holding that: (1) factual allegations of complaint must provide notice to defendant; (2) complaint must allege facts suggestive of the proscribed conduct; and (3) the complaint's "'factual allegations must be enough to raise a right to relief above the speculative level.'" (quoting Twombly, 550 U.S. at 555)).

Notwithstanding these new dictates, the basic tenets of the Rule 12(b)(6) standard of review have remained static. Spence v. Brownsville Area Sch. Dist., No. Civ.A.08-626, 2008 WL 2779079, at *2 (W.D. Pa. July 15, 2008). The general rules of pleading still require only a short and plain statement of the claim showing that the pleader is entitled to relief and need not contain detailed factual allegations. Phillips, 515 F.3d at 233. Further, the court must "accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff." Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006). Finally, the court must "determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Pinkerton v.

Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002). Pleadings of *pro se* litigants are held to less stringent standards than formal pleadings drafted by lawyers. See, e.g., Haines v. Kerner, 404 U.S. 519, 520 (1972).

II.     DISCUSSION

"To establish a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a violation of a right protected by the Constitution or laws of the United States that was committed by a person acting under the color of state law." Nicini v. Morra, 212 F.3d 798, 806 (3d Cir. 2000) (internal citations omitted). The United States Supreme Court has made clear that "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Argueta v. U.S. Immigration & Customs Enforcement, 643 F.3d 60, 71 (3d Cir. 2011) (quoting Iqbal, 556 U.S. at 676 (internal citations omitted)). Thus, "[b]ecause vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Id.

Here, the plaintiff offers no specific facts regarding the defendants' conduct or what their personal involvement could have been. Even assuming that the alleged constitutional violations occurred, there is nothing in the Complaint to support the plaintiff's claims that these defendants were in any way involved. Thus, the plaintiff's claims against Mayor Kenney, Commissioner Resnick, Warden May, Deputy Warden Abello, Deputy Warden Thompson, and Lieutenant Mulholland are dismissed with prejudice.

## III. LEAVE TO AMEND

The United States Court of Appeals for the Third Circuit has made clear that if a complaint is subject to Rule 12(b)(6) dismissal, a district court must ordinarily permit a curative amendment unless such an amendment would be inequitable or futile. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). Dismissal without leave to amend is justified only on grounds of bad faith, undue delay, prejudice, and futility. Id. at 236.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotations omitted). Nonetheless, "[t]o survive a motion to dismiss, a complaint—*even a* pro se *complaint*—'must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Maxberry v. Sallie Mae Educ. Loans, 532 F. App'x 73, 75 (3d Cir. 2013) (emphasis added) (quoting Iqbal, 556 U.S. at 663 (quoting Twombly, 550 U.S. at 570)).

The allegations in the Complaint and the arguments in the plaintiff's brief support a finding that further amendment to the plaintiff's claims would be futile.[2] Cf. Maxberry, 532 F. App'x at 75–76 (affirming dismissal with prejudice where "[n]either

---

[2] The plaintiff's brief does not address the legal arguments for dismissal set forth by the defendants in their brief, and instead accuses the defendants and their attorney of fraud and criminal conduct. (See generally Pl.'s Resp. Opp'n.) The plaintiff also notes that his Complaint would survive a motion to dismiss if he were granted subpoena power to secure physical evidence, and that I should accept his "conclusions" that the defendants are guilty of the violations he alleged. (Pl.'s Resp. Opp'n 3.) The plaintiff is not entitled to take discovery prior to setting forth a factually and legally sufficient complaint, nor am I required to accept his conclusory and wholly unsupported allegations in determining whether to grant the motion to dismiss.

5

the complaint nor the brief adduce[d] any evidence" supporting the plaintiff's claims and stating that the court "ha[d] no reason to believe that an amended complaint would survive a motion to dismiss" where the plaintiff's "past litigation practices indicate that he is prone to making incomprehensible and unsubstantial filings . . . .").[3] The claims against these defendants are therefore dismissed with prejudice.

IV.    CONCLUSION

For the foregoing reasons, I will grant the defendants' motion to dismiss with prejudice.

An appropriate order follows.

---

[3] The plaintiff's Complaint contains very similar allegations to a previous lawsuit against a similar group of defendants, which was ultimately dismissed with prejudice. See Tunsil v. City of Phila., No. Civ.A. 14-2383, 2015 WL 7717244 (E.D. Pa. Nov. 30, 2015).